UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE WALTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CENTURION, )<br>)<br>Defendant. ) | Case No. 4:25-CV-00625 SPM |

### OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on the motion of self-represented plaintiff Deandre Walton, an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 6]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.55. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his administrative remedies.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at ERDCC in Bonne Terre, Missouri. [ECF No. 1]. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $7.75, and an average monthly balance of $7.21 over the six-month period prior to case initiation. [ECF Nos. 7-8]. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.55, which is twenty percent of plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On May 2, 2025, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights while incarcerated at ERDCC. [ECF No. 1]. Plaintiff alleges that he was denied appropriate medical care while he was in Administrative Segregation at ERDCC in March and April of 2025 by unnamed Centurion employees.

Plaintiff, on April 21, 2025, filed another action in this Court alleging similar medical claims pursuant to 42 U.S.C. § 1983. *See Walton v. Black, et al.,* No. 4:25-cv-00548 AGF (E.D.Mo.). In that case, plaintiff also asserts, in addition to other claims, that unnamed medical defendants failed to provide him with proper medical care when he was in Administrative Segregation at ERDCC in March and April of 2025. *Id.* Plaintiff attached two Informal Resolution Requests (IRRs) to his prisoner civil rights complaint in that case, which he filed at ERDCC on April 4, 2025, and April 11, 2025. *See Walton v. Black, et al.,* No. 4:25-cv-00548 AGF (E.D.Mo.); Docket No. 1-1, pp. 2-3. However, neither one of his IRRs relates to his medical issues in Administrative Segregation at ERDCC.

Additionally, in the section of the prisoner civil rights complaint filed in *Walton v. Black, et al.,* No. 4:25-cv-00548 AGF (E.D.Mo.), titled "Exhaustion of Administrative Remedies/Administrative Procedures," plaintiff indicates that although he filed IRRs relating to the issues in his case, as well as letters to his Functional Unit Manager and Deputy Warden and Warden, he failed to follow through as to taking the additional required steps in the grievance process, including filing his grievance, grievance appeals, etc. Thus, it appears that plaintiff has failed to fully exhaust his administrative remedies with respect to his claims prior to bringing his action to this Court.

**Discussion**

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicates in his prisoner civil rights complaint filed in *Walton v. Black, et al.,* No. 4:25-cv-00548 AGF (E.D.Mo.), that he filed IRRs regarding his medical issues at ERDCC at

approximately the same time as he filed his complaints relative to these same issues in this Court, in April and May of 2025.

However, because the issues in his complaint concern allegations relating to matters arising at the same time, it is unlikely that plaintiff pursued the matter through the grievance and grievance appeal stage at ERDCC. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before filing his lawsuit and had not yet received a formal answer to his grievance).

Because plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling later, for failure to exhaust *all of his prison grievances prior to filing this action.* In so doing, plaintiff should set forth the dates he filed his IRR(s), grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s) from persons at ERDCC. Plaintiff should also attach copies of his IRRs, grievance, grievance appeal, and any written responses. If he cannot obtain copies from the institution, plaintiff must explain what attempts he has made to request these documents. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.55 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action. Plaintiff must include in his show cause response the dates his IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 16th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE